UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ALLSTATE INSURANCE COMPANY, et al.,

                    Plaintiffs,        **ORDER**

      - v -

                                      CV-10-1652 (FB)(VVP)

DANIEL LEVY, et al.,

                    Defendants.
----------------------------------------------------------x

      By letter dated January 26, 2011, the defendant Aleksandra Gashinskaya has moved to strike deposition notices served by the plaintiffs in this action. The motion is denied.

      The motion rests on the fact that the defendant has filed a motion to dismiss and to stay discovery. The pendency of the motion to dismiss does not provide an automatic basis to stay discovery. *E.g., Thomas v. New York City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *3 (E.D.N.Y. Sep. 14, 2010) (*citing Weitzner v. Sciton, Inc.*, No. CV 2005-2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006)). Rather, the party seeking a stay must establish good cause. *See, e.g., Fantastic Graphics, Inc. v. Hutchinson*, No. 09-CV-2514, 2010 WL 475309, at *3 (E.D.N.Y. Feb. 8, 2010); *Weitzner*, 2006 WL 3827422, at *1. That inquiry requires the court to consider, among other things, "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Thomas*, 2010 WL 3709923, at *3 *(quoting Rivera v. Inc. Vill. of Farmingdale*, No. CV 06-2613, 2007 WL 3047089, at *1 (E.D.N.Y. Oct. 17, 2007)). The defendant has made no attempt to satisfy the first two considerations above. The plaintiffs, on the other hand, have clearly demonstrated that they would be

prejudiced by a stay of discovery, since that would effectively block them from obtaining any discovery from any of the defendants, and non-parties as well, and thus bring the progress of the entire case to a halt merely because this defendant has made a motion of unknown merit.

By order dated December 29, 2010, the court addressed this defendant's, as well as other defendants', motions to stay discovery, and specifically permitted certain discovery to proceed, including document discovery and depositions of corporations and non-parties. Furthermore, although depositions of individual defendants were excluded from the scope of permissible discovery in that order, to the extent that any individual defendants have not been charged with criminal offenses, or have now resolved any criminal charges that would give rise to a valid assertion of their fifth amendment privilege, depositions of individual defendants may proceed as well. As defendant Gashinskaya has failed to provide good cause for vacating the December 29 order, her motion to strike the plaintiffs' deposition notices is DENIED.

        **SO ORDERED:**

        *Viktor V. Pohorelsky*

        VIKTOR V. POHORELSKY
        United States Magistrate Judge

Dated:    Brooklyn, New York
           January 27, 2011