ORIGINAL
D&F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x

ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, and ALLSTATE NEW JERSEY INSURANCE COMPANY,

                Plaintiffs,

-against-

DANIEL LEVY A/K/A DIMA, ALEX LEVY A/K/A SASHA, HOI YAT KAM, M.D., SALVATORE LENTINI, D.C., YAN YAN A/K/A ANGELA, HAROUTYOUN TIKRANIAN, D.C., LAI FAN ZUE A/K/A LISA, CHENG HE SU, ALEKSANDRA GASHINSKAYA, M.D., BRONX SHERIDAN MEDICAL, P.C., NEW LITE BRONX MEDICAL, COMFORT CHIROPRACTIC CARE, P.C., ALIGN CHIROPRQACTIC CARE, P.C., QI BAO ACUPUNCTURE, P.C., TAI JI ACUPUNCTURE, P.C., DESMOND CONNELL, ESQ., MARY JIMENEZ, LLOYD MODESTO, RONALD SCHWARTZ, DAN MADRID, BEST STAR ADVERTISEMENT CORP., UNITED MEDICAL BILLING & COLLECTION CORP., and PRO-TWO MANAGEMENT CORP.,

                Defendants.
----------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 10-CV-1652 (FB) (VVP)

*Appearances:*
*For the Plaintiffs:*
RICHARD D. KING
NATHAN A. TILDEN
JASMINE GARCIA-VIEUX
MICHAEL W. WHITCHER
Smith & Brink PC

*For the Defendants David Levy a/k/a Dima, Best Star Advertisement Corp. and United Medical Billing & Collection Corp.:*
MARK L. FURMAN
Hoffman Polland & Furman PLLC
220 East 42nd Street, Suite 435

1205 Franklin Avenue, Suite 260
Garden City, NY 11530

New York, NY 10017

*For the Defendant Alex Levy a/k/a Sasha:*
RAYMOND D. RADOW
Radow Law Group
1010 Northern Boulevard, Suite 208
Great Neck, NY 11021

*For the Defendant Hoi Yat Kam, M.D.:*
ALBERT Y. DAYAN
Law Office of Albert Y. Dayan
80-02 Kew Gardens Road, Suite 902
Kew Gardens, NY 11419

*For the Defendant Salvatore Lentini, D.C. and Align Chiropractic Care, P.C.:*
ROBERT KOPPELMAN
585 West End Avenue
New York, NY 10024

*For the Defendants Yan Yan a/k/a Angela and Tai Ji Acupuncture, P.C.:*
SCOTT B. TULMAN
Law Offices of Scott B. Tulman
369 Lexington Avenue, 15th Floor
New York, NY 10017

*For the Defendants Haroutyoun Tikranian, D.C. and Comfort Chiropractic Care, P.C.:*
HAROUTYOUN TIKRANIAN, D.C.
225 Alpine Street
Bridgeport, CT 06610
PRO SE

*For the Defendants Lai Fan Xue a/k/a/ Lisa, Cheng He Su and QI Bao Acupuncture, P.C.:*
NEIL S. TORCZYNER
STEVEN J. HARFENIST
Friedman, Harfenist & Langer
3000 Marcus Avenue, Suite 2E1
Lake Success, NY 11042

*For the Defendant Aleksandra Gashinskaya, M.D.:*

BRUCE S. ROSENBERG
Rosenberg Law, P.C.
2631 Merrick Road, Suite 301
Bellmore, NY 11710

*For the Defendant Desmond Connell:*
ANDREW C. LAUFER
Law Office of Andrew C. Laufer, PLLC
255 West 36th Street
Suite 1104
New York, NY 10018

*For the Defendant Mary Jimenez:*
DENIS P. KELLEHER
Denis Patrick Kelleher, Esq., PLLC
17 Battery Place, 11th Floor
New York, NY 10004

**BLOCK, Senior District Judge:**

Plaintiffs brought this suit to recover no-fault insurance benefit payments made to defendants—various medical facilities ("medical PCs") and the individuals who run them—because the medical PCs were not incorporated, owned and operated by medical providers, as required under New York law. On April 14, 2010, plaintiffs moved for a prejudgment order of attachment against defendants' real and personal property. After holding a show cause hearing on April 23, 2010 and declining to order attachment on defendants' property at that time, the Court referred the motion to Magistrate Judge Viktor V. Pohorelsky ("MJ Pohorelsky") for a report and recommendation ("R&R").

On December 29, 2010, MJ Pohorelsky issued an R&R denying plaintiffs' motion because plaintiffs had not sufficiently shown that defendants had—with intent to defraud creditors or frustrate the enforcement of a judgment—assigned, disposed of,

3

encumbered or secreted property, or removed it from the state.[1] *See* N.Y. C.P.L.R. § 6201(3). Plaintiffs timely objected to the R&R. For the reasons that follow, the Court adopts the R&R in its entirety.

District courts "must consider timely objections and modify or set aside" any part of a magistrate judge's non-dispositive pretrial order that "is clearly erroneous or [] contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). An order is "clearly erroneous" when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. DeSilva*, 613 F.3d 352, 356 (2d Cir. 2010); an order is "contrary to law" when it "'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Field Day, LLC v. County of Suffolk*, No. 04-CV-2202, 2010 WL 5490990, at *2 (E.D.N.Y. Dec. 30, 2010) (quoting *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 320-21 (S.D.N.Y. 2001).

Plaintiffs argue that MJ Pohorelsky incorrectly required evidence of defendants' "***present intent*** to defraud creditors or frustrate the enforcement of a judgment[,]" when evidence "that a defendant secreted property before the lawsuit was filed—or before their illegal conduct became the subject of investigation"—is sufficient under New York law. *See* Pls.' Objection at 4. Plaintiffs correctly state the law, but distort MJ Pohorelsky's reasoning. MJ Pohorelsky reasoned that payments by the medical PCs as

---

[1] MJ Pohorelsky determined that plaintiffs had satisfied the other three requirements necessary for an order of attachment to issue under New York law: (1) plaintiffs have a claim for money damages; (2) plaintiffs will probably succeed on the merits; and (3) the amount they demand exceeds the amount of any counterclaims made by the defendant. *See Silverman Partners, L.P. v. First Bank*, 687 F. Supp. 2d 269, 293 (E.D.N.Y. 2010).

4

"management fees" to the management companies owned by defendant Daniel Levy

> occurred *before* this lawsuit was filed, and indeed prior to the defendants' knowledge that their conduct was being investigated by law enforcement authorities, so they provide little, if any, evidence of an intent to frustrate the enforcement of any judgment that may be rendered in this case. Indeed, the intent with which the defendants appear to have acted in connection with those transactions was not to defeat creditors or the collection of a judgment, but rather to hide the fact that substantial sums generated by the operation of the medical PCs were ending up in the hands of a person who was not a licensed medical professional.

R&R at 3-4. Thus, MJ Pohorelsky did not require evidence of defendants' present intent to defraud creditors; he correctly applied the statute and determined that the proffered evidence was insufficiently probative of defendants' intent — past or present.[2]

## CONCLUSION

Magistrate Judge Pohorelsky's R&R is adopted in its entirety.

**SO ORDERED.**

s/ Judge Frederic Block

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 31, 2011

---

[2]Plaintiffs also object to MJ Pohorelsky's determination that plaintiffs "have submitted no evidence to suggest that the payment of the management fees defrauded any creditors of any of the defendants, or was intended to do so." R&R at 4 n.1. Plaintiffs argue that because defendants' were operating in violation of New York law, plaintiffs "obtained creditor status at the time payments were made" to the medical PCs and are, thus, defrauded creditors. Pls.' Objection at 5. Be that as it may, MJ Pohorelsky determined that the defendants' intent with regard to the management fees was to perpetuate the fraud, not to "frustrate the enforcement of any judgment that may be rendered in this case." R&R at 4.

5