ARTHUR S. FRIEDMAN
ATTORNEY AT LAW
275 MADISON AVENUE
NEW YORK, NEW YORK 10016
(212) 986-1144
TELECOPIER (212) 686-0252

January 31, 2012
**VIA ECF**

Hon. Magistrate Judge Viktor V. Pohorelsky
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   **Allstate Insurance Company, et al. v. Daniel Levy, et al.**
      **Docket No.: 10-cv-01652 (FB) (VVP)**

Dear Magistrate Judge Pohorelsky:

The undersigned represents the law firm of Dinkes & Schwitzer, P.C. ("D&S"), non-party recipients of a subpoena *ad testificandum* dated January 5, 2012 issued by counsel for the plaintiffs. Exhibit A. By this letter, D&S moves pursuant to Rules 45 and 26 for an order of this Honorable Court quashing the instant subpoena, and for a protective order directing that D&S does not have to respond to future subpoenae for testimony or for production of documents until plaintiffs demonstrate to the Court the need for the information requested, and that the plaintiffs do not have alternate means to obtain such information.

As more described below, counsel for plaintiff and myself have not been able to arrive at a mutually agreeable resolution of our differences.

**Background**

Plaintiff Allstate Insurance Company ("Allstate") filed the above-referenced lawsuit, alleging violations of the federal RICO statute and New York law. The Amended Complaint alleges that the named defendants "defrauded Allstate by perpetrating a medical billing fraud scheme in violation of state and federal law" ancillary to care rendered to persons alleging injuries covered under New York's "no fault" insurance program. Amended Complaint, par. 1.

**Plaintiff's First Subpoena**

On or about December 21, 2011, counsel for Allstate served a subpoena *duces tecum* addressed to "Keeper of Records" on D&S. Exhibit B. Without any time limitation, this subpoena called for the production of

> any and all documents pertaining to Dinkes & Schwitzer clients who received any medical consultations and/or treatment from Bronx Sheridan Medical, P.C., New Lite Bronx Medical, P.C., Comfort Chiropractic, P.C., Align Chiropractic, P.C., Qi Bao Acupuncture, P.C., and/or Tai Ji Acupuncture, P.C.

As counsel for D&S, I made several telephone calls to Michael W. Whitcher, Esq., the attorney from Smith & Brink, P.C. who signed the subpoena, in an attempt to focus the scope of the requested document production. Dinkes & Schwitzer, P.C. is a law firm specializing in plaintiff's personal injury. Since D&S opens approximately 400 files per year, if Mr. Whitcher did not agree to limit plaintiff's document demand, D&S would have to have personnel look at each file *page by page* – a herculean task which would take many thousands of hours – at an expenditure of tens of thousands of dollars. When Mr. Whitcher failed to return my calls, on January 6, 2012 I sent the annexed letter by facsimile and regular mail. Exhibit C.

Unbeknownst to me, Mr. Whitcher served by hand delivery a letter dated January 5, 2012 and the instant subpoena *ad testificandum* which purportedly "replaces the subpoena served upon [D&S] on December 22, 2011." This new subpoena is addressed to "Person Most Knowledgeable" at D&S. Exhibit A.

On January 16, 2012, one Joe Marino, who identified himself as a paralegal at Smith & Brink, called me to ask if someone from D&S would appear on February 7, 2012, the return date of the subpoena. When I asked Mr. Marino if he was in a position to discuss the subject matter of the deposition so that D&S could supply an appropriate person, Mr. Marino replied that he was not. I thereupon asked him to have someone from Smith & Brink call me; he replied that someone will definitely get back to me.

When no one contacted me, on January 18, 2012 I sent Mr. Whitcher another letter, objecting to the subpoena on the grounds that it failed to comply with Rule 30, *inter alia*, that it failed to "describe with reasonable particularity the matters for examination," and that it failed to identify the individual subject to the subpoena or to "provide a general description sufficient to identify the person or the particular class or group to which the person belongs." Exhibit D.

On Monday, January 30, 2012, Mr. Whitcher called me, but we could not resolve the matter.

**The January 5, 2012 Subpoena is Improper**

The deposition subpoena does not comply with Rule 30 which requires that a deposition subpoena "must state...,if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs." As noted above, the subpoena merely vaguely denotes "Person Most Knowledgeable." Of course, the issue necessarily dissolves into "knowledgeable" about what?

The matter is exacerbated by the complete failure of the subpoena to comply with the requirement of Rule 30(b)(6) pertaining, as here, to a partnership, that the deposition notice "must describe with reasonable particularity the matters for examination." As United States Magistrate Judge Ronald L. Ellis observed in quashing a deposition subpoena,

> The purpose of this rule is to avoid the difficulties encountered by both sides when the party to be examined is unable to determine who within the corporation would be best able to provide the information sought.

*Innomed Labs, LLC v. Alza Corp.,* 211 F.R.D. 237, 240 (S.D.N.Y.,2002).

"Thus, the requesting party must reasonably particularize the subjects about which it wishes to inquire and the responding party is obligated to produce a deponent who has been suitably prepared to respond to questioning within the scope of inquiry." *Lee v. Nucor-Yamato Steel Co. LLP,* 2008 WL 4014141, *3 (E.D.Ark.,2008). As one Court observed regarding the operation of Rule 30,

> Accordingly, to allow the Rule to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute.

*Prokosch v. Catalina Lighting, Inc.,* 193 F.R.D. 633, 638 (D.Minn.,2000).

*See, Reilly v. Natwest Markets Group Inc.,*181 F.3d 253, 268 (C.A.2 (N.Y.),1999): recognizing obligation to produce someone knowledgeable of the subject when "a party seeking to depose a corporation announces the subject matter of the proposed deposition."

Because the subpoena *ad testificandum* is facially improper, this Honorable Court should issue an order quashing it. *Harry Von Tilzer Music Pub. Co. v. Leo Feist, Inc.,* 2 F.R.D. 96, 98 (S.D.N.Y.,1941).

3

**The Court Should Issue A Protective Order**

Rule 26(b)(2)(C) establishes a "balancing test" in determining whether "the court must limit the frequency or extent of discovery." The factors to be considered are:

> (i) the discovery sought is unreasonably cumulative or duplicative, *or can be obtained from some other source that is more convenient, less burdensome, or less expensive;*

> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

> (iii) *the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case,* the amount in controversy, *the parties' resources,* the importance of the issues at stake in the action, and *the importance of the discovery in resolving the issues.*

Emphasis added.

The non-party status of D&S is a significant concern. "[P]arties to a law suit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs. *Cusumano v. Microsoft Corp.,* 162 F.3d 708, 717 (C.A.1 (Mass.),1998).

*Plaintiff Possesses the Information It Seeks*

If plaintiff's interest in the legal business of D&S is the extent that individuals received treatment at the health care entities referenced in the subpoena *duces tecum* (Exhibit B), plaintiff already possesses documents which reveal that information. As the carrier for the no-fault program, any claim for medical benefits would include the identity of the provider. The attorney for the patient (if a lawsuit was commenced) is a matter of public record, either in the court where the action was commenced, and/or in the retainer statement filed with the Office of Court Administration. 22 NYCRR § 603. To demand that D&S spend an *inordinate* amount of personnel-time (and associated financial costs) leafing through hundreds of thousands of pages contained in thousands of files in the *chance* that they may have represented some individual who was treated at a defendant-health care entity, is just plain unfair.

Additionally, even if D&S represented a person who was so treated, what probative evidence does that fact add to plaintiff's allegations against the defendants?

Finally, D&S is a law firm. Intertwined with its files are documents protected by the attorney-client privilege, including confidential communications from clients and non-clients alike. *Any examination* of case files would improperly impair the relationship D&S maintains with all clients. D&S would suffer irreparable damages to its reputation in the marketplace. New clients would naturally be reticent to engage D&S if they suspected that third-parties, or even D&S employees not having a need to know, would have access to their files.

"Rule 26(c) is broader in scope than the attorney work product rule, attorney-client privilege and other evidentiary privileges because it is designed to prevent discovery from causing annoyance, embarrassment, oppression, undue burden or expense not just to protect confidential communications." *Boughton v. Cotter Corp.*, 65 F.3d 823, 829-30 (10th Cir.1995). Given the special status of D&S as attorneys, this Honorable Court should require plaintiff to satisfy the deposition requirements applicable to opposing counsel. "Before a party may depose its opposing counsel it first must make a showing that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Gwin v. Einstein Noah Restaurant Group, Inc.,* 2010 WL 2232364, *1 (D.Colo.,2010). Because plaintiff cannot make such a showing, a protective order should issue.

Respectfully submitted,

Arthur S. Friedman

5

# EXHIBIT A



**ATTORNEY MICHAEL W. WHITCHER**
*ADMITTED IN MASSACHUSETTS AND*
*CONNECTICUT FEDERAL COURT*
MWHITCHER@SMITHBRINK.COM

**SMITH & BRINK, P.C.**
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
WWW.SMITHBRINK.COM

BRAINTREE
350 GRANITE STREET
SUITE 2303
BRAINTREE, MA 02184
TEL: (617) 770-2214
FAX: (617) 774-1714

January 5, 2012

**VIA HAND DELIVERY**
Dinkes & Schwitzer
112 Madison Avenue
New York, NY 10016

Re:     *Allstate Insurance Company, et. al., v. Daniel Levy, et. al.*
        United States District Court, Eastern District of New York
        C.A. No. 1:10-cv-01652-FB-VVP
        Our File No. 1021-1368

Dear Sir or Madam:

        This subpoena replaces the subpoena served upon you on December 21, 2011 in connection with the above-referenced matter. You are no longer obligated to comply with the previous subpoena. I look forward to your appearance on February 7, 2012 in connection with this subpoena.

        Thank you for your attention to this matter.

                                        Very truly yours,

                                        Michael W. Whitcher

---

MASSACHUSETTS     NEW JERSEY     NEW YORK     PENNSYLVANIA     RHODE ISLAND

SMP15 - 59

AO88. (Rev. 12/07) Subpoena in a Civil Case.

## Issued by the
# UNITED STATES DISTRICT COURT

Eastern District of New York

Allstate Insurance Company, et. als.,

V.

**SUBPOENA IN A CIVIL CASE**

Daniel Levy, et. als.

Case Number:[1] C V 10-01652 (FB) (VVP)

TO: Person Most Knowledgeable
Dinkes & Schwitzer
112 Madison Avenue
New York, NY 10016

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Smith & Brink, P.C., 1325 Franklin Ave, Suite 320 Garden City, NY 11530 | DATE AND TIME   2/7/2012 1:00 pm |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE   Smith & Brink, P.C., 1325 Franklin Ave, Suite 320 Garden City, NY 11530 | DATE AND TIME   2/7/2012 1:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE   1/5/2012 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael W. Whitcher, Smith & Brink, P.C., 1325 Franklin Ave, Suite 320 Garden City, NY 11530 (347) 710-0050

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim ; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT B

Issued by the

# UNITED STATES DISTRICT COURT

Eastern District of New York

Allstate Insurance Company, et. als.,

V.

Daniel Levy, et. als.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  CV 10-01652 (FB) (VVP)

TO:  Keeper of Records
Dinkes & Schwitzer
112 Madison Avenue
New York, NY 10016

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Smith & Brink, P.C., 1325 Franklin Ave, Suite 320 Garden City, NY 11530 | DATE AND TIME   1/16/2012 10:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see the attached Schedule A

| PLACE   Smith & Brink, P.C., 1325 Franklin Ave, Suite 320 Garden City, NY 11530 | DATE AND TIME   1/16/2012 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE   12/13/2011 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael W. Whitcher,  Smith & Brink, P.C., 1325 Franklin Ave, Suite 320 Garden City, NY 11530 (347) 710-0050

FAX: 347 - 710-0055

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**Dinkes & Schwitzer**
**Keeper of Records "SCHEDULE A"**

## I.   DEFINITIONS:

1. The terms **"document"** or **"documents"** is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

   This definition also includes all copies, reproductions and facsimiles of documents. If copies of documents are not identical for any reason, including handwritten notations, initials, or identifying marks, each non-identical copy is a separate document within the meaning of this definition.

2. The term **"relating to"** means referring to, describing, concerning, evidencing, or constituting.

## II.  You are requested to produce the following documents:

1. Any and all documents pertaining to Dinkes & Schwitzer clients who received any medical consultations and/or treatment from Bronx Sheridan Medical, P.C., New Lite Bronx Medical, P.C., Comfort Chiropractic, P.C., Align Chiropractic, P.C., Qi Bao Acupuncture, P.C. and/or Tai Ji Acupuncture, P.C. This request does not seek Attorney-Client privileged communications. You are directed to produce any such materials that contain privileged Attorney-Client communication in a redacted form together with a privilege log consistent with the Federal Rules of Civil Procedure.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

| DATE | SIGNATURE OF SERVER |
|---|---|
| | ADDRESS OF SERVER |

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained, or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT C

ARTHUR S. FRIEDMAN
ATTORNEY AT LAW
275 MADISON AVENUE
NEW YORK, NEW YORK 10016
(212) 986-1144
TELECOPIER (212) 686-0252

January 6, 2012

**VIA FACSIMILE TRANSMISSION AND MAIL**

Michael W. Whitcher, Esq.
Smith & Brink, P.C.
1325 Franklin Avenue
Suite 320
Garden City, New York 11530

Michael W. Whitcher, Esq.
Smith & Brink, P.C.
350 Granite Street
Suite 2303
Braintree, MA 02184

**Re:    Dinkes & Schwitzer**
      **Subpoena Duces Tecum**
      ***Allstate Insurance Company et al. v. Daniel Levy, et al.***
      **Docket No.: 1:10-cv-01652 (FB) (VVP)**

Dear Mr. Whitcher:

The undersigned represents the law firm of Dinkes & Schwitzer ("D&S")in connection with a non-party subpoena duces tecum dated December 13, 2011 ancillary to the above-referenced action. A copy of the subpoena is annexed with this letter.

D & S objects to the subpoena on several grounds, including but not limited to: (a) the subpoena is overbroad, e.g., the demands of the subpoena are not limited to any period of time; (b) compliance with the subpoena would be unduly burdensome, entailing an extraordinary financial expense on the part of D & S, and requiring several thousand man-hours to search for responsive documents; (c) documents demanded by the subpoena are already possessed by the plaintiffs, and/or are readily available as public records.

In order to avoid unnecessary and unwarranted expenditures by both your clients and mine, I would like to explore whether the parties may be able to reach some mutually agreeable accommodation  that fairly serves the interests of our respective clients.

Yours truly,

Arthur S. Friedman

# EXHIBIT D

# ARTHUR S. FRIEDMAN
ATTORNEY AT LAW
275 MADISON AVENUE
SUITE 1000
NEW YORK, NEW YORK 10016
(212) 986-1144
TELECOPIER (212) 686-0252

January 18, 2012

## VIA FACSIMILE TRANSMISSION AND MAIL

Michael W. Whitcher, Esq.
Smith & Brink, P.C.
1325 Franklin Avenue
Suite 320
Garden City, New York 11530

Michael W. Whitcher, Esq.
Smith & Brink, P.C.
350 Granite Street
Suite 2303
Braintree, MA  02184

**Re:   Dinkes & Schwitzer**
**Subpoena Dated January 5, 2012**
**Allstate Insurance Company et al. v. Daniel Levy, et al.**
**Docket No.: 1:10-cv-01652 (FB) (VVP)**

Dear Mr. Whitcher:

The undersigned represents the law firm of Dinkes & Schwitzer ("D&S") in connection with a non-party subpoena dated January 5, 2012, ostensibly requiring the attendance of "Person Most Knowledgeable" at a deposition scheduled for February 7, 2012.

On January 6, 2012, I personally called you on several occasions at both the your firm's Garden City and Braintree locations regarding objections to the earlier subpoena duces tecum directed to D&S. By letter the same date sent by facsimile transmission and regular mail to both locations, I notified you that I represented D&S in connection with the above-referenced litigation and the issued subpoena duces tecum. My letter noted that I "would like to explore whether the parties may be able to reach some mutually agreeable accommodation that fairly serves the interests of our respective clients,...in order to avoid unnecessary and unwarranted expenditures by both your clients and mine." (It appears that by letter dated January 5, 2012, your firm

notified D&S that it was "replacing" the prior subpoena duces tecum with the deposition subpoena returnable February 7th.)

Despite my entreaty, no one from your firm contacted me until January 16, 2012, when a paralegal, Joe Marino, called me. Since Mr. Marino possessed no knowledge of the facts or circumstances of the instant matter, nor details of the subject matter of the February 7, 2012 deposition, I requested that someone having knowledge and authority call me. To date, no one from your office has responded; thus this letter.

Please be advised that the subpoena dated January 5, 2012 does not comply with the Federal Rules of Civil Procedure, particularly Rule 30 (b)(1) which requires that a subpoena to take a deposition must provide the deponent's name and address. Rule 30 continues that "If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs." Rule 30(b)(6) is to the same effect mandating that the subpoena "must describe with reasonable particularity the matters for examination."

Please do not communicate or write to D&S with regard to the instant litigation or any matter concerning or relating to it. All communications are to be directed to my office.

Yours truly,

Arthur S. Friedman